**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PHONAKONE SANGATHIT, #R43542,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19−cv−00860−JHL** |
| | ) | |
| **FRANK LAWRENCE,** | ) | |
| **JONES,** | ) | |
| **RESSE,** | ) | |
| **KRAMER,** | ) | |
| **MCCARTHY,** | ) | |
| **EMALDI,** | ) | |
| **JOHN DOE #1,** | ) | |
| **JOHN DOE #2,** | ) | |
| **JOHN DOE #3,** | ) | |
| **JANE DOE #1,** | ) | |
| **GEE,** | ) | |
| **RATHKE, and** | ) | |
| **LAUER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**JOAN H. LEFKOW, United States District Judge:[1]**

Plaintiff Phonakone Sangathit, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Sangathit alleges defendants subjected him to cruel and unusual punishment in retaliation for filing a grievance following the restriction of his visitation rights. Following an initial screening

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 252 of the United States District Court for the Southern District of Illinois.

of the complaint pursuant to 28 U.S.C. § 1915A, Sangathit was allowed to proceed with the following claims:

**Count 1:** Eighth Amendment claim against Resse, Kramer, McCarthy, Gee, and John Doe #2 for using excessive force in the process of forcing Sangathit to submit to an anal cavity search and keeping him handcuffed for long periods of time.

**Count 2:** Eighth Amendment claim against Resse, Kramer, McCarthy, Gee, and John Doe #1 for cruel and unusual punishment by subjecting Sangathit to a strip search and rectal cavity search.

**Count 3:** Fourth Amendment claim against Resse, Kramer, McCarthy, Gee, and John Doe #1 for conducting an unreasonable rectal cavity search.

**Count 4:** Eighth Amendment claim against John Doe #2 for failing to intervene and protect Sangathit from excessive force and the rectal cavity search.

**Count 5:** Eighth Amendment claim of deliberate indifference to a serious medical need against John Doe #2 for denying Sangathit medical treatment following the rectal cavity search.

**Count 6:** Eighth Amendment claim of unconstitutional conditions of confinement against Resse, Kramer, McCarthy, Gee, Rathke, and Emaldi for keeping Sangathit in the filthy cell in the health care unit with no running water or hygiene products and the lights on twenty-four hours a day for four days.

**Count 7:** First Amendment claim against Resse, Kramer, McCarthy, Gee, John Doe #2, John Doe #3, Rathke, and Emaldi for retaliating against Sangathit for filing a grievance against Assistant Warden Jones.

**Count 10:** Intentional infliction of emotional distress claim in violation of Illinois state law against Resse, Gee, Kramer, McCarthy, Rathke, and Emaldi.

**Count 13:** First Amendment right to freedom of association and/or Fourteenth Amendment right to due process claim against Assistant Warden Jones for denying Sangathit his visitation rights.

(Dkt. 8, p. 17). The Court dismissed Counts 8, 9, 11, 12, 14, and 15. Sangathit was granted leave to file an amended complaint so that he could provide more factual detail and properly identify defendants for Counts 7, 8, and 14. Sangathit filed an amended complaint on January 16, 2020, which is now before the Court for preliminary review under 28 U.S.C. § 1915A.[2]

Generally, the allegations as set forth in the Court's preliminary review order (Dkt. 8) remain substantially similar; thus, the Court declines to recount the claims alleged in the amended complaint. Sangathit, however, adds the following allegations and information: (1) while in the health care unit, Sangathit asked nurse Jane Doe #1 to turn the lights off because he could not sleep, and she said she was told to leave the light on by Major Rathke and Emaldi because of something that Sangathit had done; (2) Rathke authorized Sangathit to be held in the suicide watch cell in the health care unit for an additional twenty-four hours on March 23, 2019, and Emaldi authorized another twenty-four hours in the health care unit on March 24, 2019; (3) while in segregation, Sangathit informed Gee, Lauer, and McCarthy of the conditions of his cell, but did not receive a response; and (3) Lauer issued Sangathit a false investigation ticket.

Upon review of the amended complaint, the Court finds that the additional facts do not change the claims brought in Counts 1-6, 10, and 13. For the reasons stated in the Court's initial merit review order, those claims still survive preliminary review. (*See* Dkt. 8). Sangathit, however, repleads and adds allegations regarding Counts 7, 8, 14, and 15 and adds additional defendants Jane Doe #1 and Lauer. Based on the facts alleged in the amended complaint, the Court designates new Counts 7, 8, 14, and 15 as follows:

**Count 7:** First Amendment claim against Reese, Kramer, McCarthy, Gee, John Doe #2, John Doe #3, Rathke, Emaldi, Lauer, and Jane Doe #1

---

[2] Pursuant to Section 1915A, any portion of the amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

for retaliating against Sangathit for filing a grievance against Assistant Warden Jones.

**Count 8:** Eighth Amendment claim of deliberate indifference against John Doe #1, John Doe #2, and Jane Doe #1 for failing to provide medical treatment for Sangathit's rash while in the health care unit.

**Count 14:** Eighth Amendment claim of unconstitutional conditions of confinement against Gee, Lauer, and McCarthy for placing Sangathit in a filthy cell in segregation with no cleaning supplies.

**Count 15:** Fourteenth Amendment due process claim against Lauer for the issuance of a false disciplinary ticket.

The parties shall use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any claim that is mentioned in the amended complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pleaded under *Twombly*.[3]**

## Count 7

Sangathit realleges that: (1) Resse, Kramer, McCarthy, and Gee subjected him to cruel and unusual punishment by using excessive force, conducting bodily searches, shaking down his cell, and holding him in a filthy cell with no running water or hygiene products; (2) John Doe #2 left him handcuffed for over two hours; (3) Rathke and Emaldi left him in the filthy cell and ordered the lights to remain on at all times; and (4) John Doe #3 lied about seeing him place an object in his rectum— all because he filed a grievance on Assistant Warden Jones. Accordingly, Sangathit has set forth sufficient allegations to proceed on Count 7 against Resse, Kramer, McCarthy, Gee, John Doe #2, John Doe #3, Rathke, and Emaldi.

---

[3] *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

In the amended complaint, Sangathit adds the allegations that nurse Jane Doe #1 knew that Sangathit was being held in the health care unit for nonmedical reasons, as she was informed to leave the lights on in his cell for something he had done to Assistant Warden Jones. (Dkt. 22, pp. 7, 16). He states that she "failed to intervene to prevent immediate and ongoing retaliation and abuse" and that her actions were motivated by his First Amendment activities. (*Id.* at p. 16). He also claims that Lauer falsified an investigation ticket and placed him in segregation in retaliation for filing the grievance against Assistant Warden Jones. These facts are sufficient for Count 7 to also proceed against Jane Doe #1 and Lauer. *See Gomez* v. *Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted).

### Count 8

Sangathit states that while in the health care unit he developed a rash on his buttocks, back, and legs from being in the dirty cell. (Dkt. 22, p. 7). He was given small packs of hydrocortisone cream, but when he tried to see a doctor for more cream John Doe #1, John Doe #2, and Jane Doe #1 did not place him in the doctor's call line to have the rash treated. (*Id.* at p. 17). He scratched his skin so much that it bled, but John Doe #1, John Doe #2, and Jane Doe #1 still did not add him to the doctor's call line. As Sangathit's "skin condition 'arguably' constitute[s] a serious medical need," and he claims that defendants "failed to take appropriate steps to mitigate a known risk of substantial harm[,]" Count 8 will proceed against John Doe #1, John Doe #2, and Jane Doe #1. *Muse* v. *Justus,* 505 F. App'x 598, 599 (7th Cir. 2013).

### Count 14

Sangathit claims that after being released from the health care unit, he was taken to segregation and placed in another cell by Lauer that had not been cleaned, with human waste in the toilet and in a milk carton by the toilet, mold and feces on the walls, and a wet, urine-soaked

mattress.  He notified Gee, Lauer, and McCarthy of the conditions of the cell and requested cleaning supplies and a different mattress, but received no response.  (Dkt. 22, pp. 8, 19).  These allegations are enough to survive screening against Lauer, Gee, and McCarthy.  *See Rhodes* v. *Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392 (1981); *see also Vinning-El* v. *Long,* 482 F.3d 923, 924 (7th Cir. 2007); *Cobian* v. *McLaughlin,* 717 F. App'x 605, 611 (7th Cir. 2017) ("Prison officials violate their constitutional responsibility to provide inmates with the minimal necessities of life when they disregard over a significant period an inmate's request to be relieved from exposure to human feces.").

### Count 15

Sangathit alleges that Lauer placed him in segregation and prepared a false investigation ticket to cover up the retaliation against him.  (Dkt. 22, p. 19).  Because of the false ticket, he was held in segregation for twenty-nine days.  (*Id.* at p. 9).  Upon release, he was not issued a disciplinary ticket.

The Seventh Circuit has explained that "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes."  *Townsend* v. *Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).  Segregation under certain conditions, however, may still constitute a deprivation of a liberty interest if the placement segregation imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin* v. *Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, (1995); *see also Mathews* v. *Brown*, 768 F. App'x 537, 540 (7th Cir. 2019).  When considering a due process claim for placement in segregation, the Court is to consider "the duration and conditions of the confinement."  *Mathews*, 768 F. App'x at 540.

Sangathit claims he was held in segregation for only twenty-nine days in unsanitary conditions. Because "[a] confinement of that length does not implicate a liberty interest[,]" Count 15 will be dismissed. *Obriecht* v. *Raemisch,* 565 F. App'x 535, 539-40 (7th Cir. 2014) (ruling that seventy-eight days in "deplorable conditions" did not implicate a liberty interest, but that plaintiff might have challenged the conditions of confinement while in segregation) (citing *Marion* v. *Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009))

## MOTION TO APPOINT COUNSEL

Sangathit has filed a third motion asking the court to recruit counsel on his behalf. On his second attempt to seek counsel, the Court found that he demonstrated indigency and that he had made reasonable efforts to retain counsel on his own.[4] The Court determined, however, that Sangathit was competent to proceed *pro se* at that time. (Dkt. 19).

In his third motion for recruitment of counsel, Sangathit restates that he has only a ninth grade education and has difficulty reading and understanding big words. He claims he has had assistance by other inmates with every one of his previous pleadings. Finally, he states that he is in administrative detention, limiting his movement and ability to visit the law library. (Dkt. 23).

The Court has inherent authority to recruit counsel to ensure the orderly prosecution of litigation in the District. When considering whether counsel is necessary to assist a *pro se* plaintiff, the Court must inquire whether "the plaintiff appear[s] to be competent to try [the case] himself and, if not, [whether] the presence of counsel [would make] a difference in the outcome." *Farmer* v. *Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *Greeno* v. *Daley*, 414 F.3d 645, 658 (7th Cir. 2005); *Pruitt* v. *Mote*, 503 F.3d 647 (7th Cir. 2007). Given the totality of the

---

[4] In evaluating Sangathit's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

circumstances, the Court finds that the difficulty of this case exceeds this particular indigent plaintiff's capacity as a layperson to litigate this matter. This case involves several defendants and different types of claims, which could result in extensive and complex discovery. *See Dewitt* v. *Corizon, Inc.*, 760 F.3d 654, 657-58 (7th Cir. 2014). Therefore, the motion is **GRANTED**.

The Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Sangathit in pursuing his claims *in this case only*.

## IDENTIFICATION OF UNKNOWN DEFENDANTS
## & OFFICIAL CAPACITY CLAIMS

Sangathit will be allowed to proceed with claims against the newly added defendant Jane Doe #1. This defendant must be identified with particularity, however, before service of the complaint can be made. Sangathit will have the opportunity to engage in limited discovery to ascertain her identity. *Rodriguez* v. *Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the defendant is discovered, Sangathit shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the complaint. In that vein, the warden of Menard Correctional Center, Lawrence, will remain a party in this action, in his official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant.

Finally, the court notes that Sangathit has again brought his claims against the defendants in their official and individual capacities. As previously stated in the original merit review order of the complaint, state officials named in their official capacities may not be sued for monetary damages. *Will* v. *Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304 (1989). Therefore, the official capacity claims directed against the remaining defendants will be dismissed with prejudice. As Warden Lawrence will remain a party in the case, in his official capacity, he is the

most appropriate official to address any injunctive relief that might be ordered.  *See Delaney* v. *DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).

**DISPOSITION**

**IT IS HEREBY ORDERED** that the amended complaint survives screening pursuant to 28 U.S.C. § 1915A (Dkt. 22). **Counts 1-6, 10,** and **13** will proceed as provided in the preliminary review order of the original complaint. (Dkt. 8).  **Count 7** will proceed as to Resse, Kramer, McCarthy, Gee, John Doe #2, John Doe #3, Rathke, Emaldi, Lauer, and Jane Doe #1, **Count 8** will proceed as to  John Doe #1, John Doe #2, and Jane Doe #1, **Count 14** will proceed as to Lauer, Gee, and McCarthy, and **Count 15** is **DISMISSED** without prejudice. The claims against Jones, Rathke, Gee, McCarthy, Kramer, Resse, Lauer, Emaldi, John Doe #1, John Doe #2, John Doe #3, and Jane Doe #1 in their official capacity are **DISMISSED** without prejudice.

The Clerk shall prepare for **Lauer:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, the original merit review order (Dkt. 8), and this Memorandum and Order to defendant's place of employment as identified by Sangathit.

Service shall not be made on the unknown defendant Jane Doe #1, until such time until such time as Sangathit has identified her by name in a properly filed motion for substitution. Sangathit is **ADVISED** that it is his responsibility to provide the court with the names and service address for these individuals.  **Lawrence** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

**Defendants Resse, Jones, Kramer, McCarthy, Emaldi, Gee, Rathke, Lawrence (official capacity only), and Lauer are ORDERED to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).**

Pursuant to Administrative Order No. 244, defendants should respond to the issues stated in the original merit review order (Dkt. 8) and in this merit review order. Defendants are **ADVISED** that the Court does not accept piecemeal answers.

**IT IS FURTHER ORDERED** that the motion for the recruitment of counsel is **GRANTED**. (Dkt. 23). For the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Elizabeth M. Wilkins** of Schlichter Bogard and Denton, is **ASSIGNED** to represent Plaintiff Sangathit in this civil rights case. On or before **April 14, 2020**, assigned counsel shall enter her appearance in this case. Attorney Wilkins is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Sangathit, explaining that an associate may also be working on the case. Sangathit should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 1, 8, and 22 to attorney Wilkins. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Sangathit <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Sangathit, there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Sangathit and his counsel are **ADVISED** that, because Sangathit is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov,

11

includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Sangathit's contact information is:

**PHONAKONE SANGATHIT, #R43542**
**Menard Correctional Center**
**711 Kaskaskia Street**
**P.O. Box 1000**
**Menard, IL 62259**

**IT IS FURTHER ORDERED** that pursuant to Administrative Order 252 of the United States District Court for the Southern District of Illinois, the case is **REASSIGNED** to Chief District Judge Nancy Rosenstengel.

**IT IS SO ORDERED.**

**DATED: March 31, 2020**

**JOAN H. LEFKOW**
**United States District Judge**