IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHONAKONE SANGATHIT,                        )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )          Case No. 19-cv-860-RJD
                                            )
ALEX JONES, et al.,                         )
                                            )
Defendants.                                 )
                                            )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Cassandra Chitty's Motion to Vacate Entry of Default (Doc. 75) and Motion for Leave to File Answer Instanter (Doc. 76).   For the reasons set forth below, Defendant's Motions are **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center.   Plaintiff is proceeding on a First Amendment and Eighth Amendment claim against Defendant Chitty (Counts 7 and 8).

A request for waiver of service was sent to Defendant Chitty on December 1, 2020 (Doc. 61).   The waiver was returned unexecuted as Chitty no longer worked at Menard (Doc. 62), and a second waiver was sent to Chitty on December 10, 2020 (Doc. 64).   This waiver was returned executed on January 14, 2021, and Chitty's answer was due on February 8, 2021 (Doc. 66).   No answer was filed.   A clerk's entry of default against Defendant Chitty was entered on February 24, 2020 (Doc. 72).

Defendant Chitty filed the motions now before the Court on March 10, 2021.   In her

Page **1** of **3**

motion to vacate, Chitty explains that after executing the waiver, she contacted Menard and requested a Request for Representation form.   Chitty completed the form and mailed it back to Menard, assuming Menard's legal services would submit the request to the Office of the Illinois Attorney General because she was an IDOC employee when the alleged incident occurred.   Chitty believes she had satisfied her obligations as it pertained to requesting representation.   Upon the Clerk's entry of default, the Office of the Attorney General sent correspondence to Chitty and she responded the same day, requesting that the Office of the Attorney General represent her.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause.   The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."   *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendant Chitty has shown good cause for her default.   Chitty explains that she failed to file a timely answer due to an inadvertent error and confusion regarding her Request for Representation.   Chitty has also acted quickly in seeking to correct her mistake, filing a motion to vacate the clerk's entry of default on March 10, 2021, just two weeks following entry of the same.   Finally, the Court finds that denying Chitty's motion to vacate the entry of default would undermine the notion that cases should be decided on the merits.

For these reasons, Defendant Chitty's Motion to Vacate Entry of Default (Doc. 75) and Motion for Leave to File Answer Instanter (Doc. 76) are **GRANTED**.   The Clerk's entry of default entered on February 24, 2020 is **VACATED**.

Defendant Chitty shall file her answer to Plaintiff's complaint by **April 14, 2021**.   In response to Chitty's motions, Plaintiff addresses the pending motion for summary judgment on the

issue of exhaustion of administrative remedies (Doc. 53).   Defendants Chandler and Chitty have not moved to join the pending motion and are not considered movants.   The Court's initial scheduling order (Doc. 38) provides the timeframe for which late-appearing defendants must move for summary judgment on the issue of exhaustion.

**IT IS SO ORDERED.**

**DATED: April 12, 2021**

_s/_ _Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**